PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign, pursuant to Article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Florida Bar submits the following in its response supporting the Petition for Leave to Resign:
1.Pursuant to findings of probable cause, a formal complaint containing two Counts, was filed against the respondent/petitioner on September 26, 1979. That complaint charged violations of Disciplinary Rules 6-101(A)(l); 6-101(A)(2); 6-101(A)(3); and 7-101(A)(2) as to Count I, and violation of Disciplinary Rules 6-101(A)(1); 6-101(A)(2); 6-101(A)(3); and 7-101(A)(2) as to Count II.
2. Subsequent to the filing of the complaint, respondent submitted the Petition For Leave to Resign which was dated June 11, 1980, which was filed in this court on June 16, 1980.
3. The allegations against the respondent in this case can be summarized as follows:
COUNT I
Mr. Carl Lundahl died on November 14, 1965, and shortly thereafter respondent was appointed as executor of the estate. The inventory, dated June 17, 1966, reflected estate assets of more than $195,-000, a substantial amount of which was invested in mortgages and land contracts. In November, 1967, respondent filed a Petition for Allowance of Attorney and Executor Fees in the total amount of $20,000. A partial final report was not filed by respondent until nearly eight years later, on March 3, 1975. This report was then objected to by attorneys for two of the beneficiaries on the grounds of incomplete and inaccurate information and lack of substantiating data. On March 8, 1976, (more than a year later) the court concluded that respondent had failed to demonstrate to the court why the Lundahl estate had not been closed, that respondent had failed to answer the objections to the partial final report, that respondent had taken no further affirmative action with respect to the estate, and that the respondent’s utter lack of preparation for the hearing on March 3, 1976 was “shocking to the court.” The respondent was then ordered to obtain prior approval from the court before making any disbursements of any kind from the estate and to file a complete accounting of his administration of the estate no later than April 2,1976. On April 26, 1976, the beneficiaries, through their attorneys, filed objections to the final report citing numerous instances of unaccounted for funds, improper expenditures without proper proof of claims, improper payments not authorized by the *209 Will, lack of proper verification of certain costs, unreasonable and unnecessary amounts expended on respondent’s trip to Sweden to locate heirs, and lack of verification of distribution as claims by respondent. On May 24, 1976, the court sustained some of the objections of the heirs. On May 25, 1976, respondent filed his formal resignation as executor and attorney for the estate of Carl Lundahl.
COUNT II
Robert D. Dailey died intestate in 1949, leaving his widow and four children as survivors. Mr. Dailey owned a substantial amount of real estate, title to which became confused subsequent to his death due to deaths of heirs and conflicting claims of his survivors. In 1966, one of his surviving children, Freddie C. Dailey, died intestate, before the estate of Robert D. Dailey was fully distributed. Freddie C. Dailey’s son, Freddie C. Dailey, Jr., was appointed administrator of his father’s estate in 1966 and respondent became the attorney for the Freddie C. Dailey estate. In 1967, the administrator of the estate of Freddie C. Dailey filed an inventory reflecting assets of more than $47,000.
At some time prior to September 10, 1969, two other surviving children of Robert D. Dailey also died. Their deaths created further estate problems affecting the estate of Freddie C. Dailey, and respondent also became the attorney or trustee for their estates. Subsequently, other survivors of Robert D. Dailey also died. In 1971 the court approved the accounting and ordered that the estates of Freddie C. Dailey, James Robert Dai-ley, Annie G. Dailey and Robert D. Dailey be closed within a reasonable time. However, in 1976, nearly five years later, respondent petitioned the court to keep open the estate of Freddie C. Dailey until such time as certain funds held in escrow could be disbursed. In December, 1976, the court found that the financial affairs of the various Dailey estates had become “incredibly tangled” and that there had been extensive intermingling of funds between the various estates and trusts; that respondent had failed to file proper accountings and that respondent should be removed from his position. The estate of Freddie C. Dailey finally was closed in 1978.
4. There are no other complaints pending against the respondent. Pursuant to Integration Rule 11.08(5), this case will be dismissed if this honorable court grants respondent’s Petition for Leave to Resign.
5. At its July, 1980 meeting, the Board of Governors voted to support the Petition For Resignation.
6. The complainant submits that a judgment granting leave to resign will fulfill the criteria for such resignations pursuant to Florida Bar Integration Rule, Art. XI, Rule 11.08(3). The public interest will not be adversely affected by granting the Petition for Leave to Resign. Under the circumstances of this case, such a resignation will not adversely affect the purity of the courts nor hinder the administration of justice. On the contrary, the complainant submits that granting the petition will have the opposite effect. The matters contained in the formal complaint and in the Petition for Leave to Resign make it perfectly clear that granting this petition to resign will be in the best interests of all concerned.
The Court having reviewed the Petition for Leave to Resign and Response to Petition for Leave to Resign, and having determined that the requirements of Rule 11.-08(3) are fully satisfied, the Petition for Leave to Resign is hereby approved and costs in the amount of $248.62 are taxed against Respondent, Thomas B. Walker. Payment of such costs must be made prior to the institution of any reinstatement proceeding brought pursuant to Florida Bar Integration Rule, Article XI, Rule 11.11.
SUNDBERG, C. J„ and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.